UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMING ZHOU and<br>THERESA CHANG,<br><br>      Plaintiffs,<br><br>    v.<br><br>KAIBLE CORPORATION and<br>KAI JIANG,<br><br>      Defendants.<br><br>KAIBLE CORPORATION,<br><br>      Counter-plaintiff,<br>    v.<br><br>DEMING ZHOU,<br><br>      Counter-defendant. | )<br>)<br>)<br>)<br>)  Case No.  07 C 6524<br>)<br>)  Judge Hibbler<br>)<br>)  Magistrate Judge Keys<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT OF PARTIES' PLANNING MEETING**

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on February 12, 2008 in Chicago, Illinois and was attended by:
    Lynn A. Ellenberger, Esq. for plaintiff(s) Deming Zhou and Theresa Chang
    James E. Judge, Esq. for defendant(s) Kaible Corp. and Kai Jiang

2. Pre-Discovery Disclosures. By March 28, 2008, the parties will exchange the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the court the following discovery plan:

    Discovery will be needed on the following subjects:
    - Representations made by Plaintiffs to Defendants and by Defendants to Plaintiffs;
    - Patents pending and granted;
    - The ownership and management of Kaible Corp. during the relevant period;
    - The business dealings of Kaible in China during the relevant period;

- Damages; and
- Any other subject area opened by discovery responses in this case.

Disclosure or discovery of electronically stored information should be handled as follows: The parties shall conduct a reasonable review of their electronically stored information ("ESI") and shall report to each other in writing the subject matter and extent of the information on or before March 28, 2008. The parties will undertake reasonable precautions to protect and preserve ESI. However, the inadvertent overwriting of ESI by a computer system prior to the date the Complaint was served shall not be construed as spoliation of evidence. In the event any direct discovery of a party's computer systems is required, the parties and their counsel, along with their computer consultants, shall meet and determine 1) the scope and subject matter of the disclosure; 2) the search methods or software to be utilized, and if an image copy of a drive is to be taken, the procedures for preserving the ESI in the image drive, and 3) search strings or other methodologies to be utilized in reviewing the image drive(s) in order to maintain the privacy and confidentiality of non-relevant, non-responsive ESI.

The parties have agreed to negotiate a protective order to address claims of privilege or of protection as trial-preparation material asserted after production, as well as to address the handling of documents containing any confidential, proprietary or trade secret information.

Fact discovery to be commenced in time to be completed by September 1, 2008, and expert discovery commenced in time to be completed by December 1, 2008.

Maximum of 20 interrogatories by each party to any other party.

Maximum of 8 depositions by plaintiff(s) and 8 by defendant(s).

Each deposition other than those of Deming Zhou, Theresa Chang or Kai Jiang limited to maximum of 3 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:
   from plaintiff(s) by September 25, 2008
   from defendant(s) by October 27, 2008
   any rebuttal from plaintiff(s) due by November 10, 2008

Supplementations under Rule 26(e) due within 30 days of the receipt of supplementary information or documents by the responding party.

4. Other Items.

The parties request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference in May, 2009.

The parties must join additional parties and amend the pleadings on or before September 30, 2008.

Any potentially dispositive motions must be filed by January 15, 2009.

Settlement may be enhanced by use of the following alternative dispute resolution procedure: Pretrial mediation by the Magistrate Judge.

Final lists of witnesses and exhibits under Rule 26(a)(3) are due on April 3, 2009.

Parties should have 21 days after service of final lists of witnesses and exhibits, or by April 24, 2009, to list objections under Rule 26(a)(3).

The case should be ready for trial by May 15, 2009.

                                        Respectfully submitted,

| DEMING ZHOU and<br>THERESA CHANG | KAIBLE CORPORATION and<br>KAI JIANG |
|---|---|
| By: __/s/Lynn A. Ellenberger_____<br>    One of their attorneys | By: ____/s/James E. Judge_____<br>    One of their attorneys |
| Anthony R. Licata<br>Lynn A. Ellenberger<br>Jessica A. Edgerton<br>SHEFSKY & FROELICH, LTD.<br>111 E. Wacker Dr., Suite 2800<br>Chicago IL 60601<br>Telephone: (312)527-4000<br>Facsimile: (312) 527-4011 | David A. Genelly<br>James E. Judge<br>VANASCO GENELLY & MILLER<br>33 N. LaSalle St., Suite 2200<br>Chicago IL 60602<br>Telephone (312) 786-5100<br>Facsimile (312) 786-5111 |