UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMING ZHOU and THERESA CHANG, <br><br> Plaintiffs, <br><br> v. <br><br> KAIBLE CORPORATION and KAI JIANG, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.  07 C 6524 <br><br> Judge Hibbler <br><br> Magistrate Judge Keys |
| KAIBLE CORPORATION, <br><br> Counter-Plaintiff, <br><br> v. <br><br> DEMING ZHOU, <br><br> Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) |

### PLAINTIFFS/COUNTER-DEFENDANTS' ANSWER TO DEFENDANTS' AFFIRMATIVE DEFENSES AND KAIBLE CORPORATION'S COUNTERCLAIM

### ANSWER TO AFFIRMATIVE DEFENSES

Now comes Plaintiffs/Counter-Defendants Deming Zhou and Theresa Chang, ("Plaintiffs/Counter-Defendants"), through their undersigned attorneys, in an answer to Defendants' Affirmative Defenses states as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail as being barred by the statute of limitations.

**ANSWER:**   Denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages.

**ANSWER:** Denied.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs own wrongdoing in defrauding Kaible bars their recovery under the common law in peri delicto or unclean hands defense.

**ANSWER:** Denied.

## FOURTH AFFIRMATIVE DEFENSE

Any alleged damages Plaintiffs claim must be offset against damages they caused Kaible and the company for breach of fiduciary duty.

**ANSWER:** Denied.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery under the doctrine of estoppel.

**ANSWER:** Denied.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have not effected proper service of process on Kai, and that the Court, therefore, does not have personal jurisdiction over Kai.

**ANSWER:** Denied.

## ZHOU'S ANSWER TO COUNTERCLAIM OF KAIBLE

Now comes Plaintiff/Counter-Defendant Deming Zhou, ("Zhou"), through his undersigned attorneys, in an answer to Kaible Corporation's Counter-Claim and states as follows:

1. The Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. 1367.

**ANSWER:** Admitted.

2. The Court also has jurisdiction over this matter pursuant to diversity jurisdiction.

**ANSWER:** Denied.

3. At all times relevant, Plaintiff-Counter Defendant Zhou was the President of Kaible and a co-founder with Kai. Indeed, recognizing his status as President, in or about June, 2005, Kai and Zhou agreed that Zhou would be President and would be responsible for various operational responsibilities for Kaible.
These duties included:

    (a)    taking all necessary steps to insure that Kaible had made all legal and regulatory filings;

    (b)    making all necessary arrangements to obtain a fair-market lease for Kaible in Shanghai, China;

    (c)    obtaining fair market construction services from Chinese contractors to build out the Shanghai offices of Kaible;

    (d)    purchasing reliable office equipment at arms-length from reliable sources;

    (e)    purchasing real-time retail data about customers from arms-length sources;

    (f)    hiring experienced non-related individuals to work for Kaible, based on merit rather than their relationship with Zhou; and

    (g)    overseeing operations in general and not putting himself or Kaible in a conflict of interest position.

**ANSWER:** Zhou admits only that he assisted Kai Jiang with certain tasks in setting up the Shanghai Office. Zhou denies the remaining allegations. Answering further, Zhou was never the president of Kaible or its co-founder.

4.    Zhou, as President of Kaible, owed the company a fiduciary duty of good faith, honesty and loyalty. This duty included not putting his own personal interests ahead of those of Kaible.

**ANSWER:** Denied. Answering further, Zhou was never the president of Kaible.

5.    In the summer of 2005, after he became President of Kaible, Zhou breached his fiduciary duties to the company in at least the following ways:

    (a)    he failed to take any action to file appropriate paperwork for the company in the United States and China, despite specifically representing he would do so.

    (b)    On information and belief, Zhou received a personal "payment" at the time the Kaible lease in Shanghai was signed to steer the Kaible lease to the landlord, Jia Jia. Although the amount of the payment of the Kaible rent to Zhou is currently not known, the fact of the payment was disclosed to Jenny Jiang at the end of the Kaible lease in Shanghai. The receipt of such a payment was a conflict of interest and breach of fiduciary duty by Zhou.

(c) On information and belief, Zhou also received a payment or series of payments from the Shanghai Guang Lian Constructions & Decoration Engineering Co., Ltd. In return for steering the construction of Kaible's offices. Once again, although the amount of the payment is currently unknown, Kaible learned of it from the company who sought to pay Jenny Jiang the same payment they had paid Zhou.

(d) Zhou also steered office equipment purchases to personal friends of his without regard for the quality of the office equipment he purchased. This included purchasing more than 100,000 RMB worth of desktop computers. Rather than bidding out the contract, or purchasing from a reliable source like Dell China, Zhou purchased the computers from a personal friend, Cun Qian Wang. The computers were of an inferior quality and broken-down from the start. The check which was written for the computers was made payable to Wang's real estate company.

(e) Zhou also sought and submitted reimbursement for purchasing a new laptop computer (RMB 9,488), when in reality the one he purchased was used. Although he caused Kaible to reimburse him for new equipment, the actual price he paid was substantially less than the reimbursement.

(f) Zhou also steered a contract to purchase retail customer data to friends of his to whom he caused Kaible to make substantial payments. Rather than purchase realtime customer data as needed, Zhou's friends supplied Kaible with out-of-date data, worthless to the company.

(g) Zhou caused Kaible to put on its payroll unnecessary and incompetent employees who were hired only because of their connection to him. This included a friend of his wife, Ying Wu, his sister's friend, Zheng Qiang Gao and Li Zhi Hu. These individuals performed little or no work but received substantial payments from Kaible as "employees".

**ANSWER:** Denied. Answering further, Zhou was never the president of Kaible.

6. Each of the actions taken above constitutes a breach of Zhou's duty of good faith, honesty and loyalty to Kaible.

**ANSWER:** Denied.

7. As a direct result of these breaches of fiduciary duty, Kaible has suffered injury. This injury constituted (a) direct, out-of-pocket expenses paid to Zhou, Zhou's friends and relatives and payments diverted from Kaible for incomplete, non-existent or inferior services and/or non-functioning equipment. On information and belief, in addition by virtue of these breaches of fiduciary duty, Kaible lost customers and was not able to effectuate its business.

**ANSWER:** Denied.

Dated: February 19, 2008

Respectfully submitted,

DEMING ZHOU and THERESA CHANG

By: /s/ Lynn A. Ellenberger
      One of Their Attorneys

Anthony R. Licata  - ARDC # 3124572
alicata@shefskylaw.com
Lynn A. Ellenberger – ARDC# 6244188
lellenberger@shefskylaw.com
Jessica A. Edgerton – ARDC# 6289418
jedgerton@shefskylaw.com
SHEFSKY & FROELICH LTD.
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011

1074826_1